# ORPHANS' COURT OF BALTIMORE CITY

Filed June 23, 1892.

IN THE MATTER OF MARY E. E. GRINDALL ET AL., MINORS.

*Michael A. Mullin* for petitioner.

*Howard Bryant* for the guardian.

LINDSAY, GANS and EDWARDS, J.J.—

This petition comes before the Court in the name of said minors by Joseph A. Grindall, Charles S. Grindall and John E. Grindall, their uncles, trustees and next friends praying the Court to revoke the order passed January 16th, 1890, allowing Maggie E. Grindall, the guardian and mother of the said infants, the entire income of their estate for their support and maintenance, and that the first and second guardian accounts be reopened and that she be required to restate her accounts, and that she be required to produce vouchers for the expenditures of the said income.

And also charges that the funds have not been used for the support of the said infants, but she has annually saved a considerable portion thereof which she is investing in her own name and not applying in any manner for their support and maintenance. And they also charge that the said guardian has made use of $245.08 of the principal of the estate as income, and that she be made to account for the same.

This petition has been fully answered by the guardian, denying the allegations of the petition, and says she has ever acted as a true mother and proper guardian to all of the children, and that she has made true reports to this Honorable Court, and that she has acted in accordance with the orders of this Court.

The only testimony offered in this case of plaintiff was that of Joseph A. Grindall, one of their petitioners, who stated in his testimony upon the facts that he knew nothing of the mismanagement of the affairs of her wards, and it was at his solicitation to the Court that the full income was allowed, and that the children were well cared for.

On the other side, the guardian testified that she had used the funds for the support and maintenance of her wards, producing the bank book showing the money in bank was in her name as guardian, and not in her individual name as charged, and showing a balance which will more than cover the amount said to be expended of the principal of the estate ($245.08).

After this hearing of the testimony in the case and argument of counsel for the petitioners, the Court is of the opinion that the petitioners have utterly failed to sustain the said charges, saving that in her first account it appears that she had expended the $245.08 principal through a misunderstanding, which can be replaced in the next account, and therefore there is no grounds for the reopening of the first and second accounts, and they

have also failed to give any cause why the order of the Court making the allowance should be revoked, and that the petition should be dismissed with costs to the petitioners.

It is therefore ordered this 22d day of June, 1892, that the petition be dismissed with costs, and that the guardian shall account for the $245.08 in her next guardian account.